UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KEVIN BUSTER BEAUPRE,           :
                                :
          Plaintiff,            :
                                :
     v.                         :     Case No. 2:14-cv-256
                                :
JACK O'CONNOR and EDWARD        :
SOYCHAK,                        :
                                :
          Defendants.           :

<u>OPINION AND ORDER</u>
(Doc. 7)

Plaintiff Kevin Buster Beaupre, proceeding *pro se*,
brings this action pursuant to 42 U.S.C. § 1983 against
Defendants Jack O' Connor and Edward Soychak, seeking
monetary damages for violations of his Fourth and Fourteenth
Amendment rights.  Defendants, both of whom were police
officers for the South Burlington Police Department ("SBPD")
at the time of the arrest, move to dismiss pursuant to Fed.
R. Civ. P. 12(b)(6).  For the reasons set forth below,
Defendants' Motion to Dismiss (Doc. 7) is DENIED.

<u>Factual Background and Procedural History</u>

Beaupre currently is an inmate in Vermont state
custody.  This case arises from an alleged property seizure
that occurred on December 2, 2010.  Defendant O'Connor
allegedly arrested Beaupre, caused him to be lodged at

Chittenden Regional Correctional Facility, and also caused
Beaupre's 1985 Chrysler Caravan and its contents to be
seized and impounded without probable cause or consent.
Beaupre alleges that O'Connor knew or reasonably should have
known that the vehicle was not "in any way connected to the
putative criminal offence being investigated[.]" Id.

At some point thereafter, Beaupre alleges that he
contacted SBPD and spoke with Soychak about the whereabouts
of the vehicle.  Soychak allegedly told Beaupre that the
vehicle was located at McCrea's Junkyard in Milton, Vermont
and that "[y]ou were mailed a letter from the South
Burlington Police Department[,] and you never responded to
it."  Id.  Beaupre allegedly never received such a letter.
When he told Soychak that the property was valued in excess
of $50,000, Soychak allegedly told Beaupre, "[n]ot my
problem."  Id.

Beaupre alleges that he contacted McCrea's Junkyard and
was told to contact O'Connor and Soychak.  He allegedly
spoke with Soychak again and was told, "Corporal O'Connor
and I gave McCrea's Junk Yard permission to sell the van and
the items contained therein without your consent."  Id. at
3.  Beaupre allegedly requested monetary reimbursement, to

which Soychak again responded that it wasn't his problem.

Beaupre's claims include violations of the Fourth Amendment prohibition and the Due Process Clause of the Fourteenth Amendment.  Beaupre estimates that the vehicle and personal property items, which included tools used for Beaupre's professional enterprises, were valued at $53,400. He seeks monetary damages to compensate for his losses, as well as punitive damages.

<u>Standard of Review</u>

Defendants seek dismissal of the Complaint pursuant to Fed. R. C. P. 12(b)(6).  Filings by self-represented parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted).

Federal Rule of Civil Procedure 8(a) requires the plaintiff to provide "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  On a motion to dismiss pursuant to Rule 12(b)(6), the court reviews the face of the plaintiff's complaint and accepts all factual allegations as true and

draws all reasonable inferences in favor of the plaintiff.
Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.
1993). "[A] complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that
is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007)). "The plausibility standard is not
akin to a 'probability requirement,' but it asks for more
than a sheer possibility that a defendant has acted
unlawfully." Iqbal, 556 U.S. at 678.

On a motion to dismiss, material outside the pleadings
only may be considered by the Court where the material is
attached to the complaint, where the complaint incorporates
the material by reference, or where the material is
"integral" to the complaint, such that the complaint "relies
heavily upon its terms and effect." Chambers v. Time
Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)(quoting
Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62
F.3d 69, 72 (2d Cir. 1995) (per curiam)).

## Discussion

Defendants argue that Beaupre's claims are subject to
Vermont's three-year limitations period for personal injury

4

actions, 12 V.S.A. § 512(4), and that because Beaupre did not file this action within the time allowed, the Court should dismiss his claims.  Beaupre has not responded to the motion.

Beaupre's constitutional claims arise under 42 U.S.C. § 1983.  The limitations period for § 1983 claims "is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Vermont, the statute of limitations for personal injury claims is three years.  See 12 V.S.A. § 512(4).  To determine whether the limitations period has expired, the Court looks to when the action was "commenced" by filing.  12 V.S.A. § 466.  "[T]he burden of establishing a statute-of-limitations defense rests with the party pleading it."  Agency of Natural Res. v. Towns, 724 A.2d 1022, 1025 (Vt. 1998).

Federal law governs when a cause of action accrues, or, in other words, when the statute of limitations "clock" begins to run.  See Wallace, 549 U.S. at 388.  In the Second Circuit, a claim accrues when it is discovered, which is "when the plaintiff knows or has reason to know of the injury which is the basis of his action," such as "when the plaintiff becomes aware that he is suffering from a wrong

for which damages may be recovered in a civil action."
Singleton v. City of New York 632 F.2d 185, 191 (2d Cir.
1980) (internal quotation marks and citation omitted).

As to Beaupre's Fourth Amendment claim, a plaintiff
generally is deemed to be on notice of a seizure of property
incident to an arrest when the item is seized. Ruane v.
County of Suffolk, 923 F. Supp. 2d 454, 459 (E.D.N.Y. 2013).
Beaupre pleads on the face of the Complaint that the arrest
and subsequent seizure of his vehicle and personal property
occurred on December 2, 2010.

The accrual analysis with respect to Beaupre's
procedural due process claim is more complicated.  A
procedural due process claim must allege that the plaintiff
possesses a liberty or property interest protected by the
Constitution or a federal statute, and that he or she was
deprived of that liberty or property interest without due
process.  See Ciambriello v. Cnty. of Nassau, 292 F.3d 307,
313 (2d Cir. 2002).  Beaupre alleges that Defendants, who
were SBPD police officers acting in their individual
capacities, caused his vehicle and personal property to be
sold without notice.  It is unclear from the face of the
Complaint when these events allegedly occurred.  However,

copies of letters allegedly sent by Beaupre on June 29, 2013, which are attached to the Complaint and incorporated by reference, indicate that Beaupre became aware of his due process claim when he was released on bail "[a]round eleven months" after his arrest (Docs. 4-2, 4-3.)

Defendants also acknowledge that the accrual of Beaupre's claim also is subject to tolling for the duration of Beaupre's period of imprisonment incident to the arrest.[1] See 12 V.S.A. § 551(a) (providing that where person "imprisoned at the time the cause of action accrues" Vermont statute of limitations tolled); see also Bain v. Cotton, 2009 WL 1660051, at *1 (D. Vt. June 12, 2009) (acknowledging that Vermont's statutory tolling provision applies to inmates bringing suit in federal court pursuant to § 1983).

Nonetheless, Defendants argue that Beaupre's cause of action accrued on "approximately" November 2, 2011 and therefore should have been filed on or by November 2, 2014, citing Beaupre's admission in the documents incorporated into the Complaint that he was released from prison "around

---

[1]  Beaupre's current incarceration on other charges does not influence this analysis.  See Finley v. Hersh, 2013 WL 3450270, at *4 (D. Vt. July 9, 2013) (once an inmate is released, subsequent re-incarceration does not allow the inmate to benefit from additional tolling); Galipeau v. Pallito, 2012 WL 2416719, at *7 (D. Vt. May 22, 2012), Report and Recommendation, adopted by 2012 WL 2416654 (D. Vt. June 26, 2012) (same).

eleven months" after his December 2, 2010 arrest.  Drawing all reasonable inferences from the face of the Complaint and accompanying documents in Beaupre's favor, however, the Court concludes that Defendants have not met their burden.

First, Defendants incorrectly argue that Beaupre filed his Complaint on December 1, 2014, the date the Court issued the Order granting Beaupre's Application for Leave to Proceed *In Forma Pauperis* (Doc. 3.)  In the Second Circuit, where the plaintiff is a *pro se* prisoner, a complaint is deemed filed when given to prison officials to be mailed.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).  Here, the Court cannot discern from the record when prison officials received Beaupre's Complaint for mailing, however, the verification of Beaupre's prison account balance was signed and dated November 21, 2014.  The Clerk's Office received Beaupre's Complaint for filing on November 26, 2014, and therefore, the action was commenced no later than November 26, 2014.

Furthermore, the accrual date can only be approximated as "around eleven months" after Beaupre's December 2, 2010 arrest.  The Court cannot infer, contrary to Beaupre's interest and especially in light of his *pro se* status, that

8

"around eleven months" does not include a November 26, 2011 release date, or some other date within eleventh months and three-weeks after Beaupre's arrest.  This is a close case, however, "unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development."  <u>Allen v. Dairy Farmers of Am., Inc.</u>, 748 F. Supp. 2d 323, 354 (D. Vt. 2010) (citing <u>Foss v. Bear, Stearns & Co., Inc.</u>, 394 F.3d 540, 542 (7th Cir.2005)).  Accordingly, because Defendants fail to meet their burden of demonstrating from the face of the Complaint and the accompanying documents that Beaupre's claims are barred by the statute of limitations, their Motion to Dismiss is DENIED.

<u>Conclusion</u>

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 15th of September, 2015.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
Judge, United States District Court